J-S15003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAWN SAUNDERS | |
| Appellant | No. 2818 EDA 2016 |

Appeal from the PCRA Order August 15, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001537-2000

BEFORE: BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED MARCH 24, 2017**

Shawn Saunders appeals from the August 15, 2016 order denying his sixth PCRA petition.[1] We affirm.

Based upon the following events, a jury convicted Appellant of second degree murder, robbery, conspiracy, and possession of a unlicensed firearm. On October 18, 1999, Appellant, Omar Davis, and David Burroughs traveled together to Ninth and Lincoln Streets in Chester so that Davis could purchase marijuana. On the way, Appellant, who was armed with a gun,

---

[1] In the August 15, 2016 order, the court denied a separate PCRA petition that Appellant had filed. The appeal from the denial of that petition is also pending before this panel. While the appeals are from the same order, that order disposed of separate motions for post-conviction relief. Accordingly, we have not consolidated them for review.

informed his cohorts that he intended to rob the individual who was going to sell Davis the controlled substance. When they arrived at their destination, Appellant put on a ski cap and covered his face. Appellant, Davis, and Burroughs encountered Cleven Pender and Shammer Thomas. Davis rifled through Thomas' pockets, and Appellant told Pender to give him money. When Pender started to back away, Appellant shot Pender in the chest, killing him. Appellant was twenty-two years old when he murdered Pender.

Appellant was convicted on March 9, 2001, and was sentenced to life imprisonment. On August 27, 2002, we affirmed, *Commonwealth v. Saunders*, 809 A.2d 964 (Pa.Super. 2002) (unpublished memorandum), and our Supreme Court denied allowance of appeal on December 2, 2003. *Commonwealth v. Saunders*, 839 A.2d 352 (Pa. 2003). No further review was sought.

Appellant filed a timely PCRA petition on February 7, 2005, and counsel was appointed. Counsel was allowed to withdraw and relief was denied. Appellant did not appeal. On August 14, 2009, Appellant filed a second PCRA petition, which was dismissed as untimely. On appeal, we affirmed. *Commonwealth v. Saunders*, 15 A.3d 538 (Pa.Super. 2010) (unpublished memorandum).

Appellant filed a third PCRA petition on March 15, 2012, claiming that he was entitled to relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), wherein the United States Supreme Court held that it was unconstitutional,

- 2 -

under the Eighth Amendment's prohibition against cruel and unusual punishment, to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole. Relief was denied, and we affirmed. ***Commonwealth v. Saunders***, 102 A.3d 519 (Pa.Super. 2014) (unpublished memorandum). In this third ***Saunders*** decision, we concluded that Appellant's judgment of sentence became final on March 1, 2004, ninety days after our Supreme Court denied review, and that Appellant had until March 1, 2005, to present a timely PCRA petition. We observed that Appellant's petition was not timely. We also held that the ***Miller*** decision did not apply to him because he was an adult when he committed the murder in question. ***See Commonwealth v. Cintora,*** 69 A.3d 759 (Pa.Super. 2013) (***Miller*** does not apply to homicide offenders who are eighteen years of age or older when they committed the murder).

Next, Appellant filed a motion arguing that the court had no authority to impose its sentence and seeking facts regarding its decision. The motion was treated as a fourth PCRA petition and denied as untimely. We once again affirmed the denial of relief, agreeing that the motion was an untimely PCRA petition. ***Commonwealth v. Saunders***, 122 A.3d 1126 (Pa.Super. 2015) (unpublished memorandum).

On April 11, 2016, Appellant filed his fifth PCRA petition. He once again invoked the ***Miller*** decision. On August 15, 2016, an order was issued denying the fifth petition. The Court held that Appellant was not entitled to

relief under **Miller** because he was an adult when he committed the murder and because the matter was already litigated in Appellant's fourth PCRA petition. Appellant appealed that decision, which is pending before this panel at docket number 3132 EDA 2016.

After Appellant filed his fifth PCRA petition, he presented the request for relief at issue in this appeal. Specifically, on May 23, 2016, Appellant filed a petition for writ of *habeas corpus* in the civil division of the Court of Common Pleas of Delaware County. That motion was transferred to the criminal division and filed in this action. The court treated the request for relief as Appellant's sixth PCRA petition, and, after issuing notice, dismissed it. In the notice, the PCRA court opined that the petition was untimely and the issues it contained were previously litigated. This appeal followed. Appellant raises these contentions:

> I. Whether the sentencing court erred in applying the Post-Conviction Relief Act ("PCRA ") Statute to Appellant's Petition For Writ of *Habeas Corpus*, then denying same as being untimely.
>
> II. Whether the sentencing court erred in denying Appellant's Due Process Rights, and Right to appeal, where there are no disclosure of 'any' sentencing authorities and statutory authorization employed by the court to impose the sentence(s), and sentencing conditions upon Appellant.
>
> > (a) A Petitioner that qualify under the PCRA would be subjected to the pleading, proof, and timeliness requirements of the PCRA but claims for which there is no remedy under PCRA but which otherwise qualify for *habeas corpus* relief could be brought in a habeas petition that would not be

> subject to the same pleadings, proof, and timeliness requirements applicable to PCRA claims.
>
> (b) Where Appellant has a Right to Due Process of law, and Right to appeal, guaranteed by the U.S. Constitution and Pennsylvania Constitution, that mandates due notice and adequate disclosure concerning sentences and sentencing conditions that is imposed by the court.

Appellant's brief at 4.

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015)). Herein, Appellant claims that the sentencing court did not have the authority to sentence him to life imprisonment and that it erred in treating the *habeas corpus* petition as a PCRA petition and subject to the one-year filing requirements outlined in 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]").

We affirm the PCRA court's decision that Appellant's petition for *habeas corpus* relief must be considered a PCRA petition. "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (*habeas corpus* petition treated as a PCRA petition); **see** 42 Pa.C.S. § 9542 (The PCRA "shall be the sole means of obtaining collateral relief and

encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus."* **Taylor**, **supra** at 465-66. Thus, if an issue is cognizable under the PCRA, that issue "must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Id**. at 466. In other words, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus."* **Id**. (footnote omitted).

Appellant claims that there was no legal authorization for his sentence and thus is challenging the legality of his sentence. Legality-of-sentence issues are cognizable under the PCRA and must be brought pursuant in a timely PCRA. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, [such a claim] must still first satisfy the PCRA's time limits or one of the exceptions thereto.") Accordingly, the PCRA court properly treated Appellant's *habeas corpus* petition as a PCRA petition. As we have previously ruled, Appellant's judgment of sentence became final on March 1, 2004, and he had until March 1, 2005, to file a timely petition. The present petition is patently untimely. Although there are exceptions to the one-year time bar of § 9545(b), Appellant has not invoked one.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017